is 22-1707, JustService.net LLC v. United Patents. Mr. Eberroon. It's Ruby. Please proceed. Thank you, and may it please the Court. So, as I see it, I'm here to discuss one issue, and that issue is claim construction. And that's the claim construction of the two linked elements at the end of the first representative claim that are picked out as elements four and five by the Board and previously by the parties. And this is a situation where we're dealing with claim construction not in terms of the definition of a technical term, but in terms of how does this claim work. Well, let me just ask you at the outset just that if we were to affirm hypothetically on the claim constructions, there are no other substantial evidence arguments in this case about motivation and other things, right? It's just the claim construction. Yes, I do believe that according to the posture of the appeal, that the only dispositive issue really is claim construction, and that if JustService loses on the claim construction issue, then there are no remaining issues. And when you say claim construction issue, do you mean whether the file must be stored on the local client device? So, whether the file that's displayed, so whether the information sent from the virtual server must be about a file that is on the local client device, such that it can be, in the key phrase, selected from that information. So, this is the one issue in the case. If we affirm the board's construction on this local file question, then that's the end of the appeal. Is that fair to say? Yes, I believe that is correct. And I also believe that it's correct to say that if you reverse on that one issue and change the claim construction to require that, if that file is selected, that it's necessary that the court reverse and remand for further proceedings at the board. I believe that all that, although certain factual issues are raised in the responsive brief, those are requests for the court to change the factual findings of the board below. But no cross-appeal has been filed in this case. And because the board issued fact findings on whether or not the prior art, in terms of Proust and Walker teach, in particular, displaying information about local files that are associated with the account, that that's not an issue that's necessarily before the board as possible or affirmance as possible. But is it also true that UNIFI contends that even under your constructions, that the claims are still unpatentable? Yes, I do believe that that is the argument that they make in their brief. But I would just like to direct the court's attention to, and this is at page 56 of their brief, where they make this representation that the board's finding that the combination of Proust and Walker teach displaying information about local files selected for upload. And I submit that that's actually untrue. The board, in fact, made the opposite factual determination in its final written decision. And I would direct the court to appendix page 51 in the first paragraph at the top of the where the board finds that petitioner, however, has not shown how either Proust or Walker teaches or suggests that the virtual server transmits to the client device information about locally stored files, i.e., the first virtual representation as required by these claims. So in this context, the board is discussing claim number 11. And so claim number 11 has the explicit requirement that there is a representation both of a file, a locally stored file, and a file on the virtual server. Now, as you'll see in the briefs, that's not necessarily the same case with claim number one. However, it remains the same issue. The same issue is whether the prior art teaches or suggests that there's transmission of information about locally stored files. And so based on this explicit finding by the board here at appendix page 51, we believe that, in light of the lack of a cross-appeal, that this is not a basis on which the board that the court could affirm. Necessarily, if the claim construction is such that the transmitted information that has been selected from for the file to upload must include information about an associated locally stored file. And that's the board's discussion at 22 and 23, right? I'm sorry. This is the board's discussion at page 45 of their opinion, which is appendix of 51. OK. This is your response to the attorney's backed-up argument. That's right. That even if we agree with you on the correct claim construction about whether we're talking about local files versus virtual server files, you should win and they should still lose. But the main event is whether the claim actually requires the recited file to be a locally stored file. So why don't we get to that? OK. Yes. I'll return there. And so even though we're addressing claim construction not of the meaning of a technical term, we still use the same tools. And those tools are the logic and grammar of the claim and the disclosure and the specification. And so in particular here, the board discusses three of just services arguments for its claim construction. And those are the antecedent basis argument first, and then the claim differentiation over claim two. And also figure six, where figure six shows the display of information about locally stored files on the left that are associated with the account. So this is transmitted data about locally stored files. And then on the right, it shows service. The difficulty we have here is that claim one is silent about something. And that something is how does the file that gets uploaded from the client device to the virtual server, how does that file first get to the client device in the first place? I understand you want us to read into this claim that there's an unstated limitation that the virtual server is scanning the local client device for whatever files are stored there. So that the virtual server will then transmit all this information about said files to be displayed on that client device. None of that's actually written in the claim, but that's what you want us to infer is inherent in this claim. But the board had surmised there was another way that the file could end up on the client device. And that is if the file, not stated in the claim, but it gets sent down from the virtual server first. So it's sitting on the client device in that way. And then eventually that same file gets uploaded back up to the virtual server. So I guess what I'm trying to figure out is what is it about this claim, any word or words in this claim that necessarily excludes the board's embodiment of what it saw was also covered by this claim. Certainly claim 11, dependent claim 11 excludes that kind of embodiment because you've actually written it into that claim and that claim is found to be patentable. But for independent claims like 110, there's no such express limitation that the file that we're all talking about has to be locally stored on the client device. Yes, Your Honor. And I would like to say that the specific language that you're looking for there is the fourth reason that JustService raised, and that's the language selected from. The board's hypothetical falls apart when it looks to selected from. If the displayed information does not include the file that is selected from, then the claim limitation is not met. And to go a little bit beyond that, to talk about your issue about reading into the claim and the scanning limitation, this is an issue that came up during oral argument before the board for the first time and is relied on in their decision, but we submit that that's a mistake. There's no requirement that a patentee claim every element of a process. And although this is beyond the briefs in this particular context, although there is case law talking about whether there are essential elements of a claim that must necessarily be claimed, there's no finding of that sort from the board here, nor any support for such a limitation here. So with respect to these claims, with respect to Claim 1, Claim 1 is agnostic as to how that information is in the virtual server. It doesn't necessarily require it to be done by scanning. However, it nonetheless requires that that information be displayed such that it can be selected from. Does that answer your question, Judge Stein? I guess it sort of does, but just thinking about the prior art combination, the way I account, they're on a remote storage system, and then information about those remotely stored files are displayed on the client device. And then ultimately, a file among the files of which there's information displayed gets sent back to the remote storage system. And that file had previously been downloaded, but why doesn't that match up with the claims? So if the file is modified and re-uploaded, if it's saved down to the file, it's going to have different file information. This is a different file located in a different place. Even if that file has some of the same information, that doesn't make it the same file about which information is displayed. For example, if two files have the same size, it wouldn't meet the claim limitation, simply to say because information was transmitted about one file that was, for example, 64 kilobytes. What if I had a file, and then I wrote it yesterday, and then today I opened it up and changed the date that's listed in my memo, and then I saved that. That's not the same file? That's a new and different file? I do believe that that's a different file, because it has been modified. It's not going to have the same information. And particularly here, it's not about whether it's the same file, it's about whether the information about that file was transmitted such that it can be selected from. If what you're doing is on the local device, changing the date of that file, that change date is not something that was transmitted from the virtual server. Does that answer your question? I think I understand your point. One of your arguments is about ordering of steps. Can you tell me how that kind of fits into the different prior art combinations, the Proust and Walker or Chi? Yes, Your Honor. I just want to note that I'm well into my rebuttal time. But I can go ahead and answer your question. So the ordering of steps is something that results from this selected from language, and also from the uploading language. And this is somewhat recognized by the Board in referring to how the file is subsequently uploaded. But it's more developed necessarily on appeal in our arguments, on appeal in response to some arguments made by Unified Patents. And so because the information must be displayed in order for it to be selected from, there's a necessary, as a result of logic and grammar, ordering to those two steps. And that ordering is consistent with the specification where the information is shown as displayed before the uploading of those files occurs. Thank you. We'll move to the next question. Good morning, Your Honors, and may it please the Court. I am Michelle Aspin on behalf of Unified Patents. Now, Service just told you that this is all about claim construction. But important factual findings by the Board, supported by substantial evidence, render these claim construction arguments, this temporal limitation, moot for either ground. And either ground would dispel with all issues on appeal. So, starting with CHU, which I feel like we didn't get to touch on in the opening, the Board cited CHU's disclosure that the server, which a user can access via a webpage, just like the 868 patent, starts up and displays a client send program, processes file transfer requests, and stores package information about a file in a database. And in at least one context, CHU does disclose displaying information about a local file before it is ever uploaded to the system. Specifically, there's a resume upload feature where a user inputs information into a webpage. I don't recall, did the Board sidestep this entire claim construction debate about local files in the CHU-based rejection in its analysis? Did it say, well, we just had a big debate about claim construction on whether the files have to be locally stored, but, and I, we just, we just resolved that, but now for the CHU-based rejection, it turns out that wasn't even important at all. Well, the Board did note that they were rejecting patent owners' claim construction, and they summarized the parties' arguments. And so while they didn't tie the bow that this is a temporal order process, because just service didn't present that issue to them that way, the Board did agree with Unified's position about how CHU's technical disclosures worked, and they did cite provisions of CHU where information about local files is what the server is storing and displaying. So, for example, the Board cited disclosures at paragraph 65 and 94 of CHU, which starts into this figure six embodiment. And at the, in the figure six embodiment, there is this resume upload feature. I'm getting a little lost. Sure. You want me to believe that the Board's CHU-based rejection didn't rely in any way on this claim construction debate that it resolved earlier in its opinion. Can you show me where in its analysis that I can feel convinced of that? So the Board cites the disclosures of paragraph 65 and 94 out of appendix 65 to 66, and then Unified's argument that at paragraphs 12 and 55 of CHU, the user may store files on the server for transfer later. The only argument just service made to the Board... Is there a sentence you want me to read? Because right now I'm assuming that the claim construction it issued earlier in its opinion, it did rely on it for the CHU-based rejection. You're telling me that's not the case. Is there a sentence you can show me that I can see that? No, Your Honor. They didn't, like I said, they didn't tie that by saying even under just services construction, the claims are disclosed. But we have to put this decision in context with what patent owner was even arguing about CHU in the first place, which is that the server never transmits files at all, information about files. And so they cite in their reply brief, they cite incomplete portions of the decision to suggest that the Board was only relying on this figure three embodiment. That's just not true in discussing the display element of figure four. The Board did cite the portions of CHU where it's about the files that are local to the client device that are about to be sent. And I do want to note that the final written decision does note unified arguments regarding the resume upload feature in figure six and paragraph seven. And these are just so clear that the server transmits the user's previous inputs about an incomplete upload in order for the user to valid, and perhaps the user to validate. Are you talking about CHU? Yes, I'm talking about CHU, which is where the Board cited when they were summarizing unified arguments. Just service never argued that there was another way to read the figure six embodiment before CHU. And so while I do wish that the Board said we agree with unified, even based on this construction, I just don't think that there's any other way to read how CHU works in any case. So if your honors do disagree that the Board's, if you do disagree with the Board's construction and find that more specific findings are needed, we think that remand is the one that never transmits information about local files and the Board cited provisions of CHU where it does talk about the local embodiment. I don't know why you're not talking about Proust and Walker in the actual claim construction debate, instead of inviting us to remand something. Okay, thank you. In the final written decision at appendix 45 to 46, pages 39 to 40, the Board said that Posita would be motivated to combine Proust with Walker, and they found that Proust and Walker renders obvious a system where the user may download a file from the server and re-upload. We know what the Board said. We want to know why you think the Board got the claim construction right. I mean, isn't it fair to say that the Board's claim construction, when it opened up the claim to encompass the prior art combination, ended up reading the claim to encompass an embodiment that doesn't have any support in the written description of the patent? Is that fair to say? No, I don't think so. I mean, the patent describes a backup system, in general, in the abstract. No, but what we have is figure six in the patent, right? Figure six is all about the files being stored in the local client device, and then we scan the local client device to see what files are there that are associated with the user account, and then the virtual server then displays that information on some webpage on the client device, showing all the information about files stored on the local device. I mean, that's what the patent's written description is talking about. I don't see anything in the patent's written description talking about some other idea where all the files are exclusively on the virtual file, and then you download one of those files, and then you mess around with it, update it, modify it, and then upload that version back up to the virtual server. Well, I don't think that the patent owner specifically claimed the figure six embodiment. They claimed something more, and what they claimed was a server that has five functions, and these functions are delineated separately. Element four requires transmitting for display information about one or more files associated with a particular user storage account. Because the patent does describe that it is a file backup system, we don't think that we are asking you to read something in the claim that's not supported by the written description. This wasn't really at issue below if we were. But backup systems, you typically could overwrite and replace files. That's often how they work, and that's similar to what is happening with Preston Walker in terms of a collaboration system. But in your view, how at all did the board rely on counsel's concessions or statements during claim construction? I don't think I would say that they relied on the concession to construe the claim. I think that conversation between the board and the patent owner was part of a long dialogue to understand what their construction was. Because in their response brief to the board, the patent owner just said that the file had to at least be on the local device. And now on appeal, there's this issue of exclusivity. It has to exclusively be on the local device and not be uploaded. So they asked JustService about this hypothetical to better understand the construction. To understand how information about a file is displayed and how a file can be associated with a particular storage account before the server ever has information about the file. And I'll note that when JustService did make this concession, the judge stopped them because they were a little surprised and asked the question again to clarify. And JustService did. And then the board clarified again and JustService admitted that this idea that the server is displaying information to the client about itself is a little circular. But I also want to note, JustService relies on this antecedent basis argument to suggest that a temporal limitation can be read into the claims. And that's kind of the crux of their argument. But they're also reading a lot more to get there. Because the claim doesn't say select it from the information. It doesn't say that the information is transmitted for selection. It's transmitted for display. That is very broad. So it's not that this file has to be selected from the information that's displayed in element 4. They are delineated and they are separate. The reliance on this definite article, the definite article is there because it's necessary to comply with the rules regarding definite and indefinite articles in order to convey that what we're talking about is there has to be the ability for the server to have some overlap between what is displayed and what is uploaded. In other words, the server must be capable of displaying information about a file that has been uploaded. The word the doesn't create this antecedent basis. And the selected from doesn't say select it from the information. But that's what your service would have you read into the claim. The selected from, it is awkward, but note that similar passive voice was considered in this Microsoft Unilog decision presented in Unified's 28J letter. And this is non-precedential, but it presents like similar grammatical issues that are before the board here. There, the claim recited determining device component to implement a reconfiguration request and then comparing the determined component and other information with a list of known information. And the court found that the board there erred because it concluded that the steps needed to be performed in order. Here, elements 4 and 5 can be performed as ordered steps, but they do not have to be to read on the claim. And there's an important reason why we have this presumption of not reading in order unless it's clear. It's a notice issue. Element 4, when you read it... Isn't the presumption typically applied in method claims and not an apparatus claim? I don't think that apparatus claims are, because they're not described as an ordered process. You're correct. The presumption is applied in method claims. These system claims and the computer-readable medium claims aren't presented as ordered systems. They're delineated as separate functions that the server is capable of doing or configured to do. And so we think that's even more the case that you don't import temporal requirements because there's not even a process there in the system claims. And there's another assumption baked into patent notice construction, that the user has no way of seeing or selecting a file for upload if the server is not transmitting for display information about the file. But the idea about what is displayed is selectable. That's not in the claim. What could be displayed is just a confirmation that the file is uploaded. And the information doesn't need to be the same. So when a user downloads the file, that is the same file that is stored on the server, if it's a copy of the file. And the server is still displaying information about that file. And that's where the board got into this idea of downloading and then uploading again. Going back to Judge Chen's hypothetical, is it the same file when the, I believe it was, date gets modified? We think it's different versions of the same file. I think it is the same file. It's in the same location, usually, in the file storage system. This wasn't... If it's not the same file, I think that makes all the more reason why the press and walker grounds should be upheld. Because this indicator is displayed on the file, for example, and if it is a different file, then you are displaying some information about a file that is exclusively local. You're displaying that it's on the client, and that it's locked for editing to other users, or that the server-related version is locked for editing to other users. And that's information about the file that share the same name. So we think it's interesting that they're saying that this is not the same file, because, at least in press and view of walker, the board did say that a posita would be motivated to incorporate this indicator element into press system. And while we didn't map that to... I noticed that there's this part about dependent claim 11. We didn't map that to dependent claim 11 in our petition, and the arguments never went back to that. So I don't think we're stopped from bringing this position to claim 1, because we did bring it. It was in the petition, and we noted it in response to the claim arguments that you have to construe the claims together. So, yes, I do think that they are the same file, but to the extent they're not, I think that makes the board's findings regarding the combination of press and walker even more clear under their own construction. I just want to note about this indicator, because I know I'm short on time, that JustService has told you that it's only indicated to other users. They never raised that before the board, and it's just not true. They said the abstract of walker. There are other provisions in walker that talk about how this is a field on the client device. If they raised that argument to the board, we would have responded to it. But they didn't. Thank you. We have two minutes to go. Yes, Your Honors. Just to briefly respond to some of the issues, I agree that the board does sidestep the claim construction issue with respect to CHU in a way that it doesn't with respect to walker and press, because the ground for CHU is not applied to Claim 11. So there is no discussion in the board's final written decision about an instance where it's explicitly required for there to be display of both, not just one, as in Claim 1, but both locally stored files that are associated with the account and files stored on the virtual server associated with the account. I'm just a little lost. When it came to the CHU-based rejection, the board didn't need to rely on that claim construction made in the first instance when it ruled that the claim doesn't require the files to be locally stored. Is that right? I believe I disagree. But I think I might be getting into a double negative here. So the board found that it did not need to address the issue of whether CHU sent for display information about locally stored files because it had already resolved the claim construction issue earlier in the decision. Had it not already resolved that claim construction issue, it would have had to reach that issue in the same way that it did with respect to walker and the other reference in addressing Claim 11. But because the ground involving CHU is not directed to Claim 11, it never had to directly address that factual issue in the way that it did, as I previously pointed to at Appendix 51. Does that answer your question? No. I understand your position. Just to elaborate briefly, JustService does contest that CHU displays this, and in particular, the citation for that would be in Paragraph 97 of CHU, at Appendix 1840. There's a discussion of what is transmitted in this re-resumed stat. And what is transmitted there is information about the function. And so the claims make a clear distinction between transmitting information about transmitting the functions and transmitting information about the files. And in the re-resumed stat, what's transmitted is information about the functions. We need to wrap this up. Thank you. We thank both sides, and this is submitted.